```
UNITED STATES DISTRICT COURT              FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                          :
MOHAMMED KHALIL,                          :
                                          :
                Petitioner,               :         ORDER
                                          :         10-CV-01551 (JG)
        -against-                         :
                                          :
UNITED STATES,                            :
                                          :
                Respondent.               :
-----------------------------------------------------------x
```

JOHN GLEESON, United States District Judge:

        Mohammed Khalil, currently incarcerated at United States Penitentiary McCreary ("USP McCreary"), petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, seeking relief from his conviction and life sentence by this Court, following a jury trial, on eleven criminal charges including kidnapping, extortion, use of a firearm in relation to a crime of violence, impersonation of a federal officer, and witness tampering. Khalil, appearing *pro se*, claims, *inter alia*, that he was denied the effective assistance of trial counsel. Pet. Habeas Corpus 4, Apr. 5, 2010, ECF No. 1. He asserts thirteen bases for his ineffective assistance claim. *Id.*

        In its opposition to Khalil's petition, the government observes that for "the majority" of the thirteen forms of alleged ineffective assistance, Khalil "sets forth a category of ineffective assistance that requires a specific example of his attorney's alleged poor performance to pass muster that he then fails to provide." Resp. Mem. Opp. 2, Jul. 30, 2010, ECF No. 6. Indeed, most of Khalil's claims are without factual support. For instance, Khalil alleges that counsel failed to interview and call defense witnesses, but he does not name any witnesses who might have been called. He faults counsel for failing to make "certain pretrial motions to fully

protect Movant's Constitutional Rights," such as "proper motions to challenge evidence," but he does not identify any evidence that was improperly admitted or suggest what motions his counsel might have made. Khalil similarly provides no factual basis for his claims, among others, that counsel failed to conduct adequate investigations, to procure necessary expert witnesses, to properly challenge government witnesses, and to file objections to the presentence report.

In a letter filed September 21, 2010, Khalil argued that without access to his criminal case file, he could not "recall or remember" the respects in which his counsel failed to provide adequate representation in connection with a trial that occurred six years ago, and that he therefore could not provide factual support for his claims. Pet. Letter Mot. Crim. Files 2, Sept. 21, 2010, ECF No. 10 ("Sept. 21 Letter"). Accordingly, Khalil requested an order from the Court directing his trial counsel to turn over to him all files pertaining to his criminal case. *Id.* 4. He claimed that he had been trying to obtain the files for a period of almost two years. *Id*. 2. Khalil also sought an opportunity to supplement his petition after reviewing those files. *Id*. 4.

On November 8, 2010, I directed the office of the Federal Defenders of New York ("Defenders"), which represented Khalil at trial, to send Khalil a copy of all of its files from his criminal case, and I granted Khalil until January 14, 2011 to supplement his petition after reviewing the files. I specified that the Defenders did not need to include a copy of the trial transcript, which Khalil already had in his possession, *see* Sept. 21 Letter 2, or any files created in anticipation of a death penalty phase. On November 18, 2010, Peter Kirchheimer, Attorney-in-Charge at the Defenders, addressed a letter to the Court stating that the file constituted "multiple boxes [that] covered an entire wall of [an office]." Kirchheimer Letter Dated Nov. 18, 2010, ECF. No. 11.

On December 15, 2010, Kirchheimer sent a second letter informing the Court that he had had most of the case file converted into electronic form and saved on CDs, which he was sending to Khalil. Kirchheimer Letter Dated Dec. 15, 2010 ("Dec. 15 Letter."), ECF No. 15. Kirchheimer explained that he did "not believe that any [Bureau of Prisons] facility would ever permit [Khalil] to keep and access the seven or eight boxes of paper files." *Id.* Kirchheimer noted that he did not include on the CDs transcripts, files relating to a potential death penalty phase, or medical information. *Id.* He also omitted "box three, entitled motions which appears to include pretrial motion papers, responses and minutes, all of which should be part of the record. (Pretrial motions and hearings, discovery motions, motions to quash, alibi, notice, stipulations.)" *Id.*

By letter filed January 5, 2011, Khalil now moves for an order compelling "full compliance" by the Defenders with the Court's November 8, 2010 order. Letter Mot. Compel Full Compliance, Jan. 5, 2011, ECF No. 14. Khalil complains that the office of the Defenders has only partially complied with the order. *Id.* 1. In particular, Khalil objects to the exclusion from the produced files of "box three," which he says contains "the very material that Movant requested, and is in vital need of," and he objects to the form in which the documents were produced. *Id.* 2. Khalil argues that viewing information contained on CDs is burdensome for him,[1] whereas the Bureau of Prisons would permit him free access to paper copies of the records. *Id.* 2-3. Finally, Khalil contends that the Defenders willfully violated the Court's November 8, 2010 order. *Id.* 3. Accordingly, he requests that the Defenders office be held in contempt of court, and that it be directed to send him hard copies of the files contained in "box three" and hard copies of the files he has already received in electronic form. *Id.*

---

[1] Khalil asserts: "To even view the cd's requires Movant to put in a request with education department [sic] to use a television that had a cd player attached, and then he must wait until he is assigned a day and time in which he may view the cd's for a couple of hours." *Id.* 2-3.

I find that the Defenders office has not willfully violated my November 8 order. Indeed, Kirchheimer's December 15 letter reflects a good faith effort to comply with the order. Khalil's motion to hold the Defenders in contempt is therefore denied. However, Khalil's request for a copy of the contents of "box three" is granted. Kirchheimer has represented that the contents of "box three" are part of the trial record. Dec. 15 Letter. Khalil arguably has a constitutional right to access the full trial record in order to prepare his § 2255 petition. *See Bourdon v. Loughren*, 368 F.3d 88, 96 (2d Cir. 2004) (a prisoner's right of access to the courts demands that indigent prisoners "'be allowed to file . . . habeas corpus petitions without payment of docket fees,' and 'states must provide trial records to inmates unable to buy them'" (quoting *Bounds v. Smith*, 430 U.S. 817, 822 (1977)) (brackets omitted)). In any event, given the severity of the sentence Khalil is serving, fairness dictates that he be given access to the records in question even if the Constitution does not.[2]

Had Khalil waited to file his § 2255 petition while he continued his efforts to obtain the trial record and case file, his petition would have been untimely. The petition was filed just days before expiration of AEDPA's one-year statute of limitations. *See* Resp. Mem. Opp. 1-2. Khalil has acknowledged that his petition is "rather vague and blunderbuss in nature" but explains that without access to the full record and the case file, he cannot recall the events, motions, and conversations that occurred years ago in connection with his trial, which might

---

[2] I also note that Rule 1.16 of the New York Rules of Professional Conduct imposes on the Defenders an obligation "upon termination of representation" to "deliver[] to the client all papers and property to which the client is entitled[.]" New York case law does not clearly establish what papers a client is entitled to, but it suggests that documents not protected by the work-product doctrine – including motions and other documents filed in court – are the property of the client and not of the attorney. *See Zackiva Commc'ns Corp. v. Milberg Weiss Bershad Specthrie & Lerach*, 1995 WL 131847, at *4 (N.Y. Sup. Ct. Jan. 26, 1995); *Estate of Johnson*, 142 Misc.2d 690, 691-92 (N.Y. Sur. Ct. 1989). Even where documents are the attorney's personal property, production to the client is appropriate in "instances involving continuing litigation, where the need for access is so apparent that it has merited only brief discussion in the absence of a fee dispute and such clients are generally entitled to obtain from a former attorney . . . the complete file." *Zackiva*, 1995 WL 131847 at *2. Khalil might therefore be entitled to the documents contained in "box three" as a matter of state law.

serve as the basis for an ineffective assistance claim. Sept. 21, 2010 Letter at 2-3. In the face of "a ticking clock and a LIFE sentence" he therefore filed his petition "as a sort of place holder-type motion to preserve the 1-year mark" and "to cover all the basis [sic] of ineffective assistance of counsel that may be afoot in this case." *Id*. at 3.

At least one circuit has permitted equitable tolling of AEDPA's one-year filing deadline where an attorney retained the petitioner's legal files past the filing deadline despite the petitioner's efforts to recover them. *See Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003). The court found it "unrealistic to expect [petitioner] to prepare and file a meaningful petition on his own" without access to the files. *Id*. at 801; *see also Lott v. Mueller*, 304 F.3d 918 (9th Cir. 2002) (equitably tolling the AEDPA limitations period where prisoner was separated from his legal files for a total of eighty-two days during the year-long period). Had Khalil waited to file a more substantive petition until after he was able to obtain the record – and incidentally until after the AEDPA limitations period had expired – he might successfully have moved to have that period tolled. Given this possibility, denying Khalil an opportunity to consult the trial record and amend his petition would amount to an effective penalty for rushing to comply with AEDPA's statute of limitations.

In light of these considerations, the office of the Defenders is directed to make a copy of the items contained in "box three," to retain that copy for its own records, and to send the original paper file to Khalil. In addition the Defenders office is directed to send Khalil hard copies of certain of the documents contained in the remainder of his case file. In conversations with a USP McCreary official, I have learned that Khalil cannot make use of the CDs he has been sent. Khalil has reviewed the contents of those CDs under the supervision of prison officials and has discovered that some of the files they contain are written in Arabic, some are

blank, and some pertain not to Khalil's criminal case but to cases of other individuals. Due to legitimate security concerns, prison officials cannot allow Khalil free use of the CDs containing documents in Arabic; the problems presented by the CDs' other two flaws are obvious.

Officials at USP McCreary have agreed to return the full set of CDs to the Defenders along with notations indicating which of the three problems pertain to each disc. In light of the CDs' inadequacy, the Defenders office is directed to send Khalil hard copies of the documents in his case file.[3] The Defenders should not include transcripts, files relating to a potential death penalty phase, medical information,[4] or any documents written in Arabic. Nor should the Defenders include documents from other individuals' case files.

Finally, I note that in reviewing Khalil's January 5, 2011 motion to compel, I have considered *mea sponte* whether to appoint counsel to assist him with his petition. Because I concluded that his claims are not likely to be of substance, I have decided not to appoint counsel at this time.

So ordered.


John Gleeson, U.S.D.J.

Dated: January 21, 2011
       Brooklyn, New York

---

[3] All files should be sent to Khalil at USP McCreary, care of Veronica Fernandez.
[4] Khalil has not objected to the exclusion of medical information from the CDs, and the Court sees no reason why they might be useful to him in preparing his supplemental petition.